UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| TIERRA BRITTANY LONG, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 2:24-CV-141-DCLC-CRW |
| SULLIVAN COUNTY SHERIFF'S OFFICE, SULLIVAN COUNTY JAIL, JEFF CASSIDY, ALPHA SHIFT, BRAVO SHIFT, CHARLIE SHIFT, DELTA SHIFT, and FLOOR SUPERVISORS ON DUTY, | ) | |
| Defendants. | ) | |

**MEMORANDUM & ORDER**

Plaintiff, an inmate in the Sullivan County Detention Center, filed a pro se complaint for violation of 42 U.S.C. § 1983 arising out of Defendants' alleged failure to protect her from an inmate who assaulted her [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 4]. For the reasons set forth below, (1) Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] will be **GRANTED**, and (2) Plaintiff will have thirty (30) days from the date of entry of this order to file an amended complaint in the manner set forth below.

I. **FILING FEE**

As Plaintiff cannot pay the filing fee in a lump sum, her motion for leave to proceed *in forma pauperis* [*Id.*] is **GRANTED** pursuant to 28 U.S.C. § 1915.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee, 37743, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account;

or (b) twenty percent (20%) of the average monthly balance in her inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to provide a copy of this memorandum and order to the Court's financial deputy and the custodian of inmate accounts at the institution where Plaintiff is now confined. This order shall be placed in Plaintiff's prison file and follow her if she is transferred to another correctional institution.

## II. SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, dismiss claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial PLRA review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. But courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him of a federal right. 42 U.S.C. § 1983.

### B. Allegations

Plaintiff claims that although (1) she and other inmates filed grievances and asked unnamed floor supervisors to move an inmate, and (2) unnamed staff members on every shift knew about the inmate's "bullying[,] [] assaultive[,] [and] threatening behaviors," no one moved the inmate until after the inmate attacked Plaintiff with a tablet in a manner that caused Plaintiff noticeable injuries to her head [Doc. 1 p. 3–5]. Plaintiff asked to go to the hospital for a CT scan after this assault, but that request was denied [*Id.* at 5]. Plaintiff still has eye injuries and a nurse told her she could have ice, but an officer told her they were out [*Id.*].

Plaintiff has sued the Sullivan County Jail, the Sullivan County Sheriff's Office, Sullivan County Sheriff Jeff Cassidy, Alpha Shift, Bravo Shift, Charlie Shift, Delta Shift, and "Floor Supervisors on Duty" [*Id.* at 1, 3]. As relief, Plaintiff requests compensatory damages, "[her] time calculated as served, and release[]" [*Id.* at 6].

### C. Analysis

First, while Plaintiff has named the Sullivan County Jail, the Sullivan County Sheriff's Office, Alpha Shift, Bravo Shift, Charlie Shift, Delta Shift, and "Floor Supervisors on Duty[1]" as

---
[1] To the extent that Plaintiff intended to sue these unnamed floor supervisors or other unnamed Defendants as John Does, her complaint fails to commence a civil action against these

3

Case 2:24-cv-00141-DCLC-CRW   Document 6   Filed 09/19/24   Page 3 of 6   PageID #: 22

Defendants, these are not entities that may be sued under § 1983. *See Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-cv-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983") (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)); *Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that "the Shelby County Jail is not an entity subject to suit under §1983"); *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding that "medical departments are not 'persons' under § 1983" because they have no "corporate or political existence"); *Pope v. Phillips*, No. 3:17-CV-119-CLC-DCP, 2019 WL 1099784, at *2 (E.D. Tenn. Mar. 8, 2019) (holding that a prison security team, like a medical department, has no corporate or political presence and is not a "person" subject to suit under § 1983). Additionally, Plaintiff's complaint does not suggest that a custom or policy of Sullivan County caused any violation of her constitutional rights, such that the complaint could state a plausible § 1983 claim against this municipality. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978).

The complaint also fails to state a claim upon which relief may be granted under § 1983 against Defendant Sheriff Cassidy. Specifically, to the extent that Plaintiff has sued Defendant Sheriff Cassidy in his official capacity, any such claim is actually against Sullivan County. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (holding that claims against officials in their official capacity are effectively claims against the entity that employs them). Accordingly, as the Court has already found that the complaint fails to state a claim upon which relief may be

---

unnamed individuals. *See Smith v. City of Chattanooga*, No. 1:08-CV-63, 2009 WL 3762961, at *5 (E.D. Tenn. Nov. 4, 2009) ("A civil action cannot be commenced against a fictious party such as an unknown John Doe.") (citation omitted); *Dunn v. Paducah Int'l Raceway*, 599 F. Supp. 612, 613 n. 1 (W.D. Ky. 1984) (providing that "until an amendment adding additional defendants has been permitted by the court," allegations against unknown defendants "are merely 'surplusage[.]'") (citation omitted).

granted under § 1983 as to Sullivan County, any claim against Defendant Sheriff Cassidy in his official capacity fails for the same reason. And to the extent that Plaintiff has sued Defendant Sheriff Cassidy in his individual capacity, this claim fails because Plaintiff does not set forth facts suggesting that this Defendant was personally involved in any incident in the complaint, and Defendant Sheriff Cassidy cannot be liable under § 1983 for actions of others based solely on his supervisory position. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983); *Iqbal*, 556 U.S. at 676 (noting that "our precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior").

Additionally, Plaintiff's requests for recalculation of her sentence and release from her incarceration are not cognizable in this action. *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (providing that the "sole federal remedy" for a prisoner seeking an immediate or speedier release from custody is a writ of habeas corpus).

Accordingly, the complaint fails to state a claim upon which relief may be granted under § 1983, as filed. Nevertheless, the Court will allow Plaintiff thirty (30) days from the date of entry of this order to file an amended complaint listing the name of each Defendant she alleges failed to protect her from the inmate at issue and/or failed to provide her medical care after the alleged inmate assault, in support of which she shall set forth a short and plain statement of facts supporting each claim.[2] *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

---

[2] Plaintiff is **NOTIFIED** that the Court may only address the merits of claims that relate back to his original complaint under Rule 15 of the Federal Rules of Civil Procedure. Accordingly, Plaintiff **SHALL NOT** attempt to set forth any claims in this amended complaint which were not set forth in his original complaint or do not otherwise relate back under Rule 15, as any such claims may be **DISMISSED**.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. The Clerk is **DIRECTED** to send Plaintiff a form § 1983 complaint;

6. Plaintiff has thirty (30) days from the date of entry of this order to file an amended complaint in the manner set forth above;

7. Plaintiff is **NOTIFIED** that any amended complaint she files will completely replace her previous complaint [Doc. 1];

8. Also, Plaintiff is **NOTIFIED** that if she fails to timely comply with this order, this action will be dismissed for failure to prosecute and failure to follow the orders of this Court without further warning; and

9. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

**ENTER**:

s/Clifton L. Corker
United States District Judge