UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| TIERRA BRITTANY LONG, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 2:24-CV-141-DCLC-CRW |
| SULLIVAN COUNTY, OFFICER GILLEN, OFFICER CRESS, OFFICER MATTHEWS, OFFICER BLANK, NURSE TASHA, NURSE VALERIE, LT. CONN, OFFICER ESPINOZA, OFFICER DRYTON, OFFICER BANNER, OFFICER WEST, OFFICER HALDERMANN, OFFICER SUPTON, OFFICER HOUSE, OFFICER MALONE, and CPL. HOUSE, | ) | |
| Defendants. | ) | |

**MEMORANDUM & ORDER**

In its previous order, the Court found that Plaintiff's original complaint [Doc. 1] failed to state a claim for violation of 42 U.S.C. § 1983 and allowed her to file an amended complaint [Doc. 6]. Plaintiff has now filed an amended complaint alleging that Defendants failed to provide her adequate medical care and failed to protect her from an inmate [Doc. 7] that includes a motion for limited discovery [*Id.* at 4]. She also filed a motion to appoint counsel [Doc. 8]. For the reasons set forth below, (1) Plaintiff's motion to appoint counsel [*Id.*] will be **DENIED**; (2) her motion for limited discovery [Doc. 7 p. 4] will be **DENIED**; and (3) this action will be **DISMISSED** because the amended complaint fails to state a claim upon which relief may be granted under § 1983.

I.     **MOTION TO APPOINT COUNSEL**

In her motion to appoint counsel, Plaintiff requests counsel "for further proceedings" [Doc. 8 p. 1]. Appointment of counsel in a civil proceeding is a privilege justified only in exceptional

circumstances. *Lavado v. Keohane*, 992 F. 2d 601, 605–06 (6th Cir. 1993). A district court has discretion to determine whether to appoint counsel for an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). In exercising that discretion, the district court should consider the nature of the case, whether the issues are legally or factually complex, and the plaintiff's ability to present her claims. *Lavado*, 992 F.2d at 605–06.

As to the first two factors, Plaintiff's amended complaint sets forth claims alleging deliberate indifference to her medical needs and a failure to protect her from an inmate [Doc. 7], which are common prisoner claims that are not factually or legally complex. As to the third factor, it is apparent that Plaintiff is able to adequately present her claims. Thus, Plaintiff has not established that this is an exceptional case where she is entitled to appointment of counsel, and her motion to appoint counsel [*Id.*] is **DENIED**.

## II. COMPLAINT SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, dismiss claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial PLRA review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. But courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In this case, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law violated plaintiff's rights secured by the Constitution or laws of the United States. 42 U.S.C. § 1983.

**B.     Allegations**

Plaintiff claims that on July 5, 2024, she filed a grievance asking for an inmate to be moved, and she and other inmates filed "notes" with every shift asking jail officials to move that same inmate before the inmate hurt someone [Doc. 7 p. 5]. However, due to a lack of training or supervision, no jail official moved the inmate until after the inmate attacked Plaintiff with a tablet in a manner that caused Plaintiff noticeable injuries to her head on July 13, 2024 [*Id.*].

Plaintiff then went to medical and received ibuprofen from Defendant Nurse Valerie, who also told Plaintiff she could have ice for her injuries [*Id.* at 5]. However, when Plaintiff stopped for ice on the way back to her cell, Defendant Gillen told her they were out of ice [*Id.*]. When Plaintiff got back to her cell, she had a headache and her vision was blurry, so Defendant Cress took her back to medical, where she saw Defendant Tasha, who told her she had a partial concussion but denied her request to go to the hospital for an x-ray [*Id.* at 6]. Plaintiff therefore asserts that she did not receive "adequate medical attention" and additionally claims that her subsequent requests for CT scans due to her fear of internal swelling were denied [*Id.*]. Plaintiff also states that she still has occasional headaches that she did not have before [*Id.*].

3

Plaintiff first names Sullivan County as a Defendant [*Id.* at 1]. Plaintiff also names as Defendants a number of officers and nurses she states were on duty on the day of the assault, specifically Officer Gillen, Officer Cress, Officer Matthews, Officer Blank, Nurse Tasha, and Nurse Valerie [*Id.* at 4]. Additionally, Plaintiff names as Defendants a number of officers she states may have been on duty when she filed grievances after the assault, specifically Lt. Conn, Officer Espinoza, Officer Dryton, Officer Banner, Officer West, Officer Halderman, Officer Supton, Officer House, Officer Malone, and Cpl. House [*Id.*]. Further, in her motion for limited discovery, Plaintiff requests that the Court allow her to identify other officers who worked at the jail between July 5 and 13, 2024, and may have failed to protect her [*Id.* at 4]. As relief, Plaintiff requests better training for officers regarding assaultive inmates and compensatory and punitive damages [*Id.* at 7].

    **C.    Analysis**

        **1.    Medical Care**

First, Plaintiff's allegation that she received inadequate medical care fails to state a claim for violation of the Eighth Amendment.[1] A jail official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (1976). Prison medical personnel or officials may be deliberately indifferent to a prisoner's serious medical needs "in their response to a prisoner's needs" or by "interfer[ing] with treatment once prescribed." *Id.* at 104–05. A medical provider violates a prisoner's Eighth Amendment right through actions that are "sufficiently harmful to evidence deliberate indifference to [the prisoner's] serious medical needs." *Id.* at 106. Deliberate indifference is equivalent to "subjective

---

[1] As it is apparent from her original complaint [Doc. 1 p. 5] and the Tennessee Department of Correction's felony offender database (https://foil.app.tn.gov/foil/details.jsp, last visited Oct. 31, 2024) that Plaintiff is a convicted prisoner serving a sentence, her claims fall under the Eighth Amendment, rather than the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

4

recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 839 (1994). Under this standard, a state actor is not liable under § 1983 unless he (1) knew that the inmate faced a substantial risk of serious harm; and (2) disregarded that risk by failing to take reasonable measures to abate it. *Id.* at 847.

Allegations that a prisoner did not receive the medical treatment she wanted or received a misdiagnosis or negligent medical care do not state a claim for violation of the Eighth Amendment. *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017) (holding that "[a] patient's disagreement with h[er] physicians over the proper course of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983"); *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997) (finding "misdiagnoses, negligence, and malpractice" are not "tantamount to deliberate indifference"). Thus, where a prisoner received medical care, her disagreement with the adequacy of that care generally does not rise to the level of a constitutional violation. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1996) (noting that "federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law"). But medical care that is "so woefully inadequate as to amount to no treatment at all" violates the Eighth Amendment. *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2001).

Plaintiff does not provide any facts from which the Court can plausibly infer that the medical treatment she received was so inadequate that it amounted to no treatment at all. To the contrary, her amended complaint establishes that Plaintiff was taken to medical immediately after the assault on her and then taken back to medical again after she realized she had a headache and her vision was blurry when she got back to her cell [*Id.* at 6]. Moreover, it is apparent that Plaintiff's main dispute with the medical care she received is that she did not receive an x-ray or

5

CT scans pursuant to her requests for these medical procedures [*Id.*]. However, these allegations do not adequately allege that any Defendant was deliberately indifferent to her serious medical needs but instead represent only Plaintiff's "disagreement with her physicians over the proper course of treatment . . . which is not cognizable under § 1983." *Darrah*, 865 F.3d at 372.

Accordingly, Plaintiff's amended complaint fails to state a plausible claim for deliberate indifference to her serious medical needs, and these claims are **DISMISSED**.

### 2. Failure to Protect

It is apparent that Plaintiff seeks to hold the individual Defendants, as well as officers she has not yet identified, liable under § 1983 for failure to protect her from the inmate who assaulted her. In support of these claims, Plaintiff states that on July 5, 2024, she filed a grievance asking for jail officials to move the inmate who assaulted her, and on that same day she and others filed "notes" with every shift asking officers to move the inmate before the inmate hurt someone [*Id.* at 5]. However, no one moved the inmate until after the July 13 assault [*Id.*].

It is well-settled that prison officials have a duty to take reasonable measures to protect prisoners' safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994). Liability attaches to a prison official's failure to protect a prisoner where the prisoner was "incarcerated under conditions posing a substantial risk of serious harm," and the prison official acted with deliberate indifference to the prisoner's safety. *Id*. at 834. "Deliberate indifference" means that a prison official is liable only where he knows that the inmate faces a substantial risk of serious harm and disregards that risk. *Id*. at 837 (quotation marks omitted).

Plaintiff's allegations that, prior to the inmate assaulting her, she and others asked jail officials to move that inmate before the inmate hurt someone fail to allow the Court to plausibly infer that any Defendant, or potential Defendant, deliberately failed to protect her from a

substantial risk of harm. Specifically, Plaintiff sets forth no facts to support her assertion that the inmate posed a substantial risk of harm to her, as she does not describe any threatening behavior or statements from this inmate or state what, if any, threatening behavior or statements from this inmate of which any Defendant or potential Defendant was aware. Thus, Plaintiff has failed to "nudge[] [these claims] across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

As Plaintiff's amended complaint fails to state a claim for failure to protect, these claims will be **DISMISSED**. Also, Plaintiff's motion for limited discovery to allow her to identify more jail officers who may have failed to protect her from the inmate at issue [*Id.* at 4] therefore will be **DENIED**, as Plaintiff has failed to allege any facts to support a plausible failure to protect claim on the part of any Defendant or potential Defendant.

### 3. Sullivan County

As set forth above, Plaintiff also seeks to hold Defendant Sullivan County liable for failing to train officers regarding assaultive inmates [*Id.* at 5, 7]. However, as the Court has found that Plaintiff has not adequately alleged an underlying violation of her constitutional rights, the Court cannot plausibly infer that this municipality may be liable under § 1983 for any of her claims. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (holding that a governmental entity may be liable under § 1983 only where its official custom or policy causes a constitutional rights violation); *Chambers v. Sanders*, 63 F.4th 1092, 1101–02 (6th Cir. 2023) ("'There can be no liability under *Monell* without an underlying constitutional violation.'" (quoting *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014)).

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion to appoint counsel [Doc. 8] is **DENIED**;

2. Plaintiff's motion for limited discovery [Doc 7 p. 4] is **DENIED**;

3. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

4. Accordingly, this action will be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

5. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED**.

**ENTER**:

s/Clifton L. Corker
United States District Judge

8
Case 2:24-cv-00141-DCLC-CRW   Document 9   Filed 11/05/24   Page 8 of 8   PageID #: 45